CARTER LUMBER COMPANY, RESPONDENT, v. SHUPE TERMINAL CORPORATION, APPELLANT.

Argued January 21, 1925—Decided January 22, 1925.

1. A copy of a document annexed to a pleading is of no value in aid thereof unless specifically referred to in the pleading as made a part thereof.
2. In an action by the holder of a bill of exchange against a preceding endorser, based on non-payment by the acceptor, it is incumbent on the plaintiff both to plead and prove notice to the endorser of non-payment, or some excuse for its omission.
3. When plaintiff in such case fails to aver notice in the complaint, the defendant is not required to deny it in the answer, and the burden of proof at the trial (if one be had in such case) remains on the plaintiff.
4. The notarial certificate mentioned in section 21 of the Evidence act is no evidence of the giving of notice of non-payment when it merely states the making of presentment and the fact of non-payment.

350    COURT OF ERRORS AND APPEALS.

Carter Lumber Co. v. Shupe Term. Corp.    *101 N. J. L.*

On appeal from the Supreme Court.

For the appellant, *Harry A. Augenblick.*

For the respondent, *Samuel M. Hollander.*

The opinion of the court was delivered by

PARKER, J. The complaint was in four counts. The first and second were expressly abandoned at the trial. The fourth was directed exclusively to a co-defendant not served with process and who had not appeared in any way. That count, as well as the first and second, is out of the case, and plaintiff's claim against the present appellant is founded solely on the third count. This merely avers that the plaintiff sues on a trade acceptance given to the plaintiff by the Shupe Terminal Corporation (the present appellant), which the plaintiff received in due course. Nothing is said as to the parties to this trade acceptance, or its date, amount or terms; nor are any other facts pleaded which on their face would establish liability of defendant Shupe corporation to plaintiff. There is no reference to any annexed copy of the alleged trade acceptance. The state of the case shows what appears to be a copy of a trade acceptance (which is nothing more nor less than an accepted bill of exchange reciting that the obligation of the acceptor arises out of the purchase of goods from the drawer) and endorsements thereof, including that of defendant. There is also an apparent copy of a certificate by a notary that he had presented this draft at the place where it was made payable and demanded payment, which was refused, whereupon he had protested, and did thereby protest against the drawer and endorsers, &c., in the usual form. The certificate contains no statement that any notices were sent to endorsers, or, indeed, to anyone.

Proper practice requires that if a document is intended to be made part of a pleading by being annexed thereto, it shall be referred to in the body of the pleading as so annexed. This is the express language of section 119 of the Practice act of 1903. *Comp. Stat., p.* 4090. That section was re-

JANUARY TERM, 1925. 351

*101 N. J. L.* Carter Lumber Co. v. Shupe Term. Corp.

pealed by the Practice act of 1912, but rule 23 annexed thereto and made rule 37 of the Supreme Court, 1913, is to the same effect, unless there be such reference in the body of the pleading, the annexation of the copy does not avail the party. *Harrison* v. *Vreeland,* 38 *N. J. L.* 366, 368; *Shelmerdine* v. *Lippincott,* 69 *Id.* 82, and cases cited. There was therefore no legal averment in the complaint that raised any liability of the defendant. Plaintiff's case necessarily was that defendant had endorsed the acceptance, and delivered it to plaintiff, that it was presented for payment and dishonored, and that notice of such dishonor had been sent to defendant in the manner required by law. All this should have been averred in the complaint, to which the court must look for a cause of action; and no cause of action appears in such a case as this unless all the above facts are properly pleaded, not to speak of the making and acceptance of the draft in the first instance. Particularly is an averment of notice of dishonor necessary as against an endorser. *Ribble* v. *Jefferson,* 10 *Id.* 139. All this is elementary law. In 1 *Chit. Pl.* (11*th Am. ed.*) \*328, it is stated in the text that "in a declaration against the drawer or endorser of a bill of exchange it is material to aver notice of non-payment by the acceptor, or some excuse for the neglect." The forms of counts in such cases will be found at *pp.* 145 *et seq.* of volume 2 of the same work. They contain, without exception, after the averment of presentment and non-payment, the clause "of all which the defendant afterwards, to wit, &c., at, &c., had due notice." The short form in *Bull. & L. Prec.* (8*th ed.*) 125, contains similar averments. The attempted abolition of verbosity in pleading by modern reformers has not abolished, and was not intended to abolish, the fundamental rule that the essential facts creating a cause of action must be pleaded. In the case at bar the third count was insufficient in law and should have been struck out if motion to that end had been made.

Nor did the omission to object to the complaint change in any way the burden of proof. The trial judge seems to have held that because defendant, in its answer, did not deny the

giving of proper notice, it was not entitled to make that point at the trial. But defendant was not required to deny what had not been asserted, and there being no assertion, failure to deny was not an admission that notice had been given. Consequently, even when plaintiff was allowed, without objection to go to trial on an insufficient complaint, the burden of proving presentment, dishonor and notice rested on it as fully as if these had been alleged in the complaint and denied in the answer. Plaintiff did not attempt to prove that notice of non-payment had been sent. The notarial certificate was offered, but that said nothing about giving notice. By section 21 of the Evidence act (*Comp. Stat., p. 2227*), the certificate is evidence of the facts "therein certified," as to presentment, notice, &c. But even a certificate alleging notice in general terms has been held insufficient. *Burk* v. *Shreve*, 39 *N. J. L.* 214.

Defendant moved to nonsuit, and later to direct a verdict, because of plaintiff's failure to offer any evidence that notice of dishonor had been sent to defendant, whom it was sought to hold as endorser. The trial court not only denied these motions, but directed a verdict for the plaintiff. This was error, for which the judgment must be reversed and a *venire de novo* awarded. As to whether an amendment to the complaint should be allowed at this stage of the litigation, that is a matter for the Supreme Court to determine.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.